IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. McCORD,<br><br>        Petitioner(s),<br>  v.<br>W. A. DUNCAN, Warden,<br><br>        Respondent(s).<br>_____/ | NO. C 05-00184 JW    PR<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED; REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION; DENYING PETITIONER'S MOTION FOR TESTING**<br><br>DOCKET NOS. 12, 21 |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 20, 2005, the Court ordered Respondent to show cause why a writ of habeas corpus should not be granted. Thereafter, Respondent filed a timely motion to dismiss the petition for failure to exhaust state remedies. On November 16, 2005, Petitioner filed a response in opposition to Respondent's motion. For the reasons set forth below, the Court GRANTS Respondent's motion (docket no. 21) and DISMISSES the instant petition.

**I. BACKGROUND**

After a bench trial, Petitioner was found guilty of forcible rape and numerous strike priors. On January 22, 2002, Petitioner was sentenced to twenty-five years to life in prison.

The state appellate court denied Petitioner's appeal in "2002 to 2003." (Petition at 4.) The California Supreme Court denied Petitioner's petition for review on February 18, 2004. (Id. at 6.)

Order Granting Respondent's Motion to Dismiss Petition as Unexhausted . . .
N:\JW Cases\05\05-184jw.ord.dis.wpd

On January 12, 2005, Petitioner filed his federal habeas corpus petition, alleging that all of his claims have been presented to the California Supreme Court on direct appeal. On July 20, 2005, the Court ordered Respondent to show cause on the following three claims: (1) the trial court erred when it denied Petitioner's request for a full Kelly Frye hearing on the admissibility of a DNA test; (2) the trial court erred in excluding the third party culpability evidence of Romel Reid; and (3) "the trial court erred in concluding a first prong Kelly hearing was not required as to the 'problem of the mixed sample' in the forensic setting."

Presently before the Court is Respondent's motion to dismiss. Respondent contends that Petitioner did not exhaust two of the three claims set forth in the instant petition. Respondent has submitted a copy of Petitioner's petition for review filed in the state supreme court, which raises only one claim: the court erred in excluding the third party culpability evidence of Romel Reid. See Resp. Exhibit A. Petitioner filed an opposition to Respondent's motion; however, the opposition does not address the exhaustion issue, but rather focuses on the underlying merits of Petitioner's claims.

## II. DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the state's established appellate review process.") A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. Rose, 455 U.S. at 522.

If the petition contains both exhausted and unexhausted claims, that is, it is a "mixed"

Order Granting Respondent's Motion to Dismiss Petition as Unexhausted . . .
N:\JW Cases\05\05-184jw.ord.dis.wpd             2

petition, the district court must instruct the petitioner to choose between two alternatives: (1) he can dismiss his unexhausted claims and proceed in federal court only with his exhausted claims, or (2) he can request the district court to dismiss the entire petition without prejudice so that he can exhaust his unexhausted claims in state court before filing a new exhausted petition in federal court. See Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005). In addition, the United States Supreme Court has held that a district court may stay a mixed habeas petition in order to allow the petitioner to exhaust his unexhausted claims in state court. See Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). However, the use of a stay is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns of 28 U.S.C. § 2244(d) by placing "reasonable limits on a petitioner's trip to state court and back." Id. A petitioner need not delete his unexhausted claims before asking the district court to issue a stay. See Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

In this case, Respondent moves to dismiss the petition on the ground that Petitioner's first and third claims were not presented to the California Supreme Court for review. In support of the motion, Respondent has filed a copy of Petitioner's petition for review filed in the California Supreme Court. This documentation clearly shows that Petitioner did not, in fact, exhaust all of the claims set forth in the instant petition. Therefore, the Court GRANTS Respondent's motion to dismiss.

### III. CONCLUSION

1. Respondent's motion to dismiss the petition is GRANTED (docket no. 21).

2. The petition is DISMISSED WITH LEAVE TO AMEND. The Court grants Petitioner leave to amend to notify the Court how he intends to proceed with his petition. Petitioner must choose whether he wants to:

   (a) Dismiss the unexhausted claims and go forward in this action with only the exhausted

claim, or

(b) Terminate this action and return to state court to exhaust all of his claims before filing a new federal habeas action containing a petition with only exhausted claims, or

(c) Request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If Petitioner chooses this option, he will be required to show that there was good cause for his failure to exhaust the claims in state court and that they are potentially meritorious claims.

Petitioner is cautioned that each of the choices has risks which he should take into account in deciding with which to proceed. If he chooses option (a) and goes forward with only his exhausted claims, any subsequent federal habeas petition he might file would be subject to dismissal as a second or successive petition. See 28 U.S.C. § 2244(b). If he chooses option (b), terminating this action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be dismissed as untimely. See 28 U.S.C. § 2244(d). If he chooses option (c), he must act diligently to pursue his claim in the California Supreme Court and to notify this Court within thirty days of the California Supreme Court's final decision. See Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003). A failure by Petitioner to act with diligence could result in the Court's dismissal of the newly exhausted claim.

Petitioner must notify the Court of his choice within **thirty days** from the date of this Order. Petitioner's failure to do so will result in the dismissal of this petition without prejudice as an unexhausted petition.

3. If petitioner chooses to amend his petition to strike all unexhausted claims, the amended petition must include the caption and civil case number used in this order (No. C 05-00184 JW (PR)) and the words "AMENDED PETITION" on the first page. Petitioner may not incorporate material from the original petition, such as exhibits, briefs, or declarations, by reference. Petitioner must include any supporting documentation with his amended petition.

4. Petitioner's motion for DNA testing (docket no. 12) is DENIED.

Order Granting Respondent's Motion to Dismiss Petition as Unexhausted . . .
N:\JW Cases\05\05-184jw.ord.dis.wpd                4

5.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 11, 2006

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Michael Anthony McCord #D12013
CSP High Desert
P. O. Box 3030 D4-225
Susanville, CA 96127-3030

Peggy S. Ruffra
Ross C. Moody
Frances Marie Dogan
Moona Nandi
Attorney General of the State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Dated: August 14, 2006            Richard W. Wieking, Clerk

                                  By: _____
                                      **Albert "J" Younger**
                                      **Courtroom Deputy**

Order Granting Respondent's Motion to Dismiss Petition as Unexhausted . . .
N:\JW Cases\05\05-184jw.ord.dis.wpd

*United States District Court — For the Northern District of California*