IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. MCCORD,          )<br>                              )<br>       Petitioner,            )<br>                              )<br>   vs.                        )<br>                              )<br>W.A. DUNCAN, Warden,          )<br>                              )<br>       Respondent.            )<br>_____) | No. C 05-00184 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner at the High Desert State Prison in Susanville, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner was granted leave to proceed in forma pauperis in an earlier order.

**BACKGROUND**

According to the petition, petitioner pleaded guilty in Superior Court of the State of California in and for the County of Santa Clara to rape. Petitioner claims he plead to "guilty as long as [petitioner] could appeal sentence." (Pet. at 3.) Petitioner was sentenced to twenty-five years to life in prison.

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.05\McCord184_osc.wpd

Petitioner filed a federal habeas petition on January 12, 2005. Respondent filed a motion to dismiss the petition as a mixed petition, including both exhausted and unexhausted claims. The Court granted the motion on August 11, 2006, directing petitioner to notify the Court on how he wished to proceed in the action. Petitioner chose to exhaust his state remedies for his unexhausted claims and filed a request for a stay, which the Court granted on February 5, 2007. Petitioner returned to this Court on June 18, 2007, moving to reopen the action. Petitioner alleged that he exhausted all claims in state court, with the California Supreme Court's summary denial of his state habeas petition on May 23, 2007. The Court granted the motion on December 26, 2007, and reopened the action. Petitioner's amended petition, filed on January 4, 2008, is now before the Court for initial review.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner raises three grounds for federal habeas relief: 1) the trial court erred when it denied petitioner's request for a full Kelly Frye hearing on the admissibility of a DNA test; 2) the trial court erred in excluding the third party culpability evidence of Romel Reid; and 3) "[t]he [trial] court erred in concluding a first prong Kelly hearing was not required as to the 'problem of the mix sample' in forensic

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.05\McCord184_osc.wpd        2

setting." (Pet. At 6.)  Liberally construed, these claims appear cognizable under § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

///

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.05\McCord184_osc.wpd                  3

4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

DATED:  May 29, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. MCCORD,

        Petitioner,

  v.

W. A. DUNCAN, Warden,

        Respondent.

Case Number: CV05-00184 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  May 30, 2008 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Anthony McCord D-12013
CSP High Desert
P. O. Box 3030
Susanville, CA 96127-3030

Dated:  May 30, 2008

        Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk